## THE ELIZA S. POTTER.

### THE HELENA E. RUSSELL.

CHAMPLIN and others, Owners, etc., *v.* THE HELENA E. RUSSELL

*(District Court, D. Connecticut. August 1, 1887.)*

COLLISION—EXCUSABLE BREACH OF RULE.

Where a vessel sailing on the ocean on the starboard tack, and having the right of way, crosses the track of another vessel sailing in an opposite direction, on the port tack, and the latter fails to fall off and give the former the right of way, the former, on finding that a collision is imminent, is justified

in starboarding her helm, and letting her main sheet run, in order to lessen the force of the collision, and will not be liable for a breach of rules in doing so.

*Samuel Park*, for libelants.

*Silas A. Robinson*, for claimants.

SHIPMAN, J. This is a libel *in rem*, for damages caused by a collision. About four o'clock on the morning of March 11, 1887, the schooner Eliza S. Potter, then on voyage from Newport News to Providence, Rhode Island, collided, at a point about six miles north and east of Hog Island light, with the schooner Helena E. Russell, then on a voyage from Norfolk to Norwich, Connecticut, and was seriously damaged. To cover the damages suffered from said collision this libel was brought.

The facts are as follows: At the time of the collision, the lights of each vessel were properly placed, and were burning brightly. The wind was about north by west, and was blowing a good breeze; the sea was choppy; the moon was about full, and the night was clear. The Potter was sailing upon an easterly course, upon her port tack, about four miles an hour. The Russell was sailing, at about the same rate of speed, upon a westerly course, on the starboard tack, under foresail, jib, and reefed mainsail, and close hauled. The Potter saw the red light of the Russell when she was about two miles off. The Russell had the right of way, and continued in her course, supposing that the Potter would keep out of her way, and go astern of her; but the Potter kept on her course until it was too late, and a collision was inevitable. If the Russell had then continued her course, the Potter would have struck her head on, and nearly amidships, and would have caused a disastrous collision. The master of the Russell, perceiving that his vessel was about to be struck by the Potter, put his helm hard starboard, and let his main sheet run, to diminish the force of the collision, and receive a glancing blow, for the purpose of saving serious injury to his vessel, and in the exercise of good judgment. Immediately, the Potter struck the Russell on her starboard bow, and caused some damage. Before the collision, the Russell's men shouted to the Potter to keep off. For three or four minutes before the collision, no one of the Potter's crew was forward of the foremast. At the time the Potter was reefing her mainsail.

The accident was occasioned by the negligence of the officers of the Potter in not keeping off and away from the Russell, and in not yielding to her the right of way. Whether the Potter attempted to alter her course before a collision was inevitable I do not know. The collision was not caused by any want of care or skill on the part of the officers of the Russell. The act of the captain of the Russell in starboarding his helm, and letting the main sheet run, was proper, under the circumstances existing at the time of the maneuver.

The libel is dismissed with costs.